**McMANIMON, SCOTLAND**
**& BAUMANN, LLC**
427 Riverview Plaza
Trenton, New Jersey 08611
(609) 695-6070
Andrea Dobin (adobin@msbnj.com)
Michele M. Dudas (mdudas@msbnj.com)
*Counsel to Andrea Dobin, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL MANAGEMENT &<br>PRESERVATION SERVICES, LLC, d/b/a<br>NATIONAL FIELD NETWORK,<br><br>Debtor. | Case No. 18-16859 (CMG)<br><br>Chapter 7<br><br>**Hearing Date and Time:**<br>**July 29, 2025, at 10:00 a.m.** |

**CERTIFICATION OF ANDREA DOBIN, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION APPROVING SETTLEMENT AND COMPROMISE WITH GEORGE WASHINGTON UNIVERSITY PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9019 AND FOR RELATED RELIEF**

I, **ANDREA DOBIN**, of full age, hereby certify and state as follows:

1. I am the duly appointed Chapter 7 Trustee for National Management & Preservation Services, LLC, d/b/a National Field Network, Chapter 7 debtor (the "**Debtor**"). As such, I am fully familiar with the facts set forth herein and submit this Certification in support of my Motion to approve the settlement and compromise reached with George Washington University ("**GWU**") resolving any and all claims against GWU in my role as a judgment creditor of Shari Nott ("**Nott**") pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019 (the "**Motion**").

2. The Debtor was in the business of providing default services, including property preservation services, to banks and other institutions.

3. Nott was hired by the Debtor in or about 2009, and eventually served as the Debtor's Chief Executive Officer.

4. Upon information and belief, in or about 2015, the Debtor began experiencing financial difficulties as a result of delayed payment from one of its primary vendors, large receivables from another primary vendor, and other financial obligations of the Debtor, including tax payments.

5. During the course of Nott's employment, the Debtor advanced Nott monies for lavish personal expenses. Each of the advances to Nott were documented in the Debtor's books and records as an accounts receivable due and owing from Nott which, as of the Petition Date (defined below), totaled $1,485,000 ("**Accounts Receivable**").

6. In addition to the mounting Accounts Receivable reflecting funds advanced to Nott, according to the Debtor's books and records from January 1, 2016 through the Petition Date, Nott received direct cash payments from the Debtor in excess of $1,400,000.

7. On April 6, 2018 (the "**Petition Date**"), an involuntary Chapter 7 petition was filed against the Debtor under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) in the United States Bankruptcy Court for the District of New Jersey. ECF 1.

8. On April 23, 2018, the Debtor filed a Motion to convert the Chapter 7 case to Chapter 11 (ECF13), which was granted by Order entered April 25, 2018 (ECF 15).

9. On or about July 20, 2018, a Creditors Committee ("**Committee**") was formed (ECF 64).

4936-6482-0818, v. 1

10. On January 28, 2019, the Office of the United States Trustee filed a Motion to convert the Chapter 11 case to Chapter 7 [ECF 109], which was granted by Order entered April 2, 2019. ECF 137.

11. On April 3, 2019, Bunce D. Atkinson, Esq. ("**Original Trustee**") was appointed to serve as the Chapter 7 Trustee. ECF 138 and 139.

12. On July 20, 2020, I was appointed as the successor Chapter 7 Trustee to the Original Trustee. ECF 178 and 179.

13. On December 30, 2020, I filed the underlying Adversary Complaint against Jack Jaffa ("**Jaffa**"), Nott and Christopher Crandell ("**Crandell**"), seeking to recover property of the Estate, for avoidance of fraudulent transfers and for related relief ("**Complaint**"). ECF 1.

14. I actively litigated the Adversary Proceeding against Nott. During that time, I resolved the independent allegations against Crandell first, and then Jaffa.

15. After extensive delays requested by Nott, trial was eventually scheduled for July 12, 2023 ("**Trial Date**"). Prior to the start of the trial, the Court conducted a settlement conference, with Nott and her counsel present.

16. After lengthy negotiations, Nott agreed to settle the Adversary Proceeding by providing a Consent Judgment in the amount of $1,485,000, representing the amounts due on Accounts Receivable. A motion to approve the settlement was granted by Order entered December 12, 2023. [ECF 345].

17. The Consent Judgment was entered on the docket in the Bankruptcy Case on December 21, 2023 [ECF 348] and recorded as a statewide lien in the State of New Jersey on February 2, 2024 at DJ-13308-24 (the "**Consent Judgment**").

18. No portion of the Consent Judgment was voluntarily paid by Nott and in fact, she evaded voluntary payment, to the point where Nott was found in contempt ("**Order for Contempt**") [ECF 355] and I had to engage the assistance of the United States Marshal's Service to compel her compliance.

19. In late-July through early August 2024, Nott finally provided responses to the Information Subpoena. While awaiting her responses, I took action to uncover bank accounts for Nott, and my counsel served Subpoenas on the bank accounts where the Debtor did its banking, in the hopes that Nott also banked there since she was the signatory to the Debtor's accounts and in control of financial information.

20. In or about July 2024, I received bank statements from Nott's personal bank accounts at TD Bank and Santander Bank (the "**Bank Statements**").

21. A review of the Bank Statements revealed payments made by Nott to GWU for tuition payments for her daughter, Emma Oglensky, totaling $63,90179 (collectively, the "**Transfers**").

22. On July 26, 2024, as a judgment creditor of Nott, I filed a Complaint against GWU in the Superior Court of New Jersey, Law Division, Mercer County at MER-L-1451-24, seeking to recover the Transfers as fraudulent transfers pursuant to N.J.S.A. § 25:2-25(a)(1) (the "**Lawsuit**"). On August 29, 2024, GWU removed the Lawsuit to the United States Bankruptcy Court for the District of New Jersey where the Debtor's Chapter 7 case is pending, at Adv. Pro. No. 24-1550 (CMG). GWU asserted certain defenses to the Lawsuit.

23. From and after that time, the Parties engaged in settlement discussions.

24. Nott died in a single car accident on October 16, 2024.

4

4936-6482-0818, v. 1

25. On December 5, 2024, the Lawsuit was dismissed without prejudice for reasons unrelated to the merits of the Lawsuit.

26. Upon information and belief, no decedent estate has been established for Nott either in New Jersey or in Michigan, where she resided prior to her death.

27. In lieu of reinstating the Lawsuit, I reached a settlement with GWU where it would pay $15,000 and the exchange of mutual releases (the "**Settlement**") in complete satisfaction of the Transfers and any allegations contained in the Lawsuit. On June 30, 2025, I entered into the Settlement Agreement and Release with GWU, which is annexed as **Exhibit "A."**

28. In my business judgment, I believe the settlement is fair and will result in the most favorable and expeditious outcome for this Estate given that Nott is now deceased and I am unaware of any decedent estate.

29. Therefore, I request that the Motion be approved in its entirety.

I hereby certify that the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

                    */s/ Andrea Dobin*
                    ANDREA DOBIN

Dated: July 1, 2025