# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into as of this  30th  day of June, 2025, by and between Andrea Dobin, Chapter 7 Trustee ("**Trustee**") for National Management & Preservation Services, LLC, d/b/a National Field Network, Chapter 7 debtor ("**Debtor**"), on the one hand, and The George Washington University ("**GWU**"), on the other hand. Where appropriate, the Trustee and GWU may be referred to herein as the "Parties." This Agreement is based on the following facts:

### RECITALS

**WHEREAS**, Shari Nott ("**Nott**") was the Debtor's Chief Executive officer; and

**WHEREAS**, during the course of Nott's employment, the Debtor advanced Nott monies for personal expenses. The advances to Nott were documented in the Debtor's books and records as an accounts receivable due and owing from Nott to the Debtor and, as of the Petition Date (defined below), totaled $1,485,000 ("**Accounts Receivable**"). According to the Debtor's books and records, between January 1, 2016 through the Petition Date (defined below), there were other direct cash payments to Nott in excess of $1,400,000; and

**WHEREAS**, on April 6, 2018 (the "**Petition Date**"), an involuntary Chapter 7 petition was filed against the Debtor under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) in the United States Bankruptcy Court for the District of New Jersey; and

**WHEREAS**, on April 23, 2018, the Debtor filed a Motion to convert the Chapter 7 case to Chapter 11, which was granted by Order entered April 25, 2018; and

**WHEREAS**, on or about July 20, 2018, a Creditors Committee ("**Committee**") was formed; and

**WHEREAS**, on January 28, 2019, the Office of the United States Trustee filed a Motion to convert the Chapter 11 case to Chapter 7, which was granted by Order entered April 2, 2019; and

**WHEREAS**, on April 3, 2019, Bunce D. Atkinson, Esq. ("**Original Trustee**") was appointed to serve as the Chapter 7 Trustee. On July 20, 2020, the Trustee was appointed as the successor Chapter 7 Trustee to the Original Trustee; and

**WHEREAS**, on December 30, 2020, the Trustee filed an Adversary Complaint against Nott and others, seeking to recover property of the Estate, for avoidance of fraudulent transfers and for related relief at Adv. Pro. No. 20-1648 (CMG) ("**Nott Adversary Proceeding**"); and

**WHEREAS**, after delays by Nott and lengthy negotiations, on July 12, 2023, Nott agreed to settle the Nott Adversary Proceeding by providing a Consent Judgment in the amount of

$1,485,000, representing the amounts due on Accounts Receivable being pursued by the Trustee; and

**WHEREAS**, the Consent Judgment was entered on the docket on December 21, 2023 and recorded as a statewide lien in the State of New Jersey on February 2, 2024 at DJ-13308-24 (the "**Consent Judgment**"); and

**WHEREAS**, no portion of the Consent Judgment has been voluntarily paid by Nott and the Trustee alleged that Nott evaded voluntary payment of the Trustee's collection efforts; and

**WHEREAS**, as part of her collection efforts against Nott, the Trustee discovered that Nott's daughter, Emma Oglensky ("**Oglensky**") was a student at GWU; and

**WHEREAS**, in July 2024, the Trustee obtained bank statements from Nott's personal bank accounts at TD Bank and Santander Bank (collectively, the "**Bank Statements**"); and

**WHEREAS**, a review of the Bank Statements reveals the following payments made by Nott to GWU on behalf of Oglensky:

| Date of Payment | Amount |
|---|---|
| January 16, 2018 | $34,498.25 |
| January 24, 2019 | $4,283.14 |
| August 13, 2019 | $6,642.80 |
| August 21, 2019 | $13,577.60 |
| July 27, 2020 | $4,900.00 |
| **TOTAL:** | **$63,901.79** |

collectively, the "**Transfers**"; and

**WHEREAS**, on July 26, 2024, the Trustee, as a judgment creditor of Nott, filed a Complaint against GWU in the Superior Court of New Jersey, Law Division, Mercer County at MER-L-1451-24, seeking to recover the Transfers as fraudulent transfers pursuant to N.J.S.A. § 25:2-25(a)(1) (the "**Lawsuit**"); and

**WHEREAS**, on August 29, 2024, GWU removed the Lawsuit to the United States Bankruptcy Court for the District of New Jersey where the Debtor's Chapter 7 case is pending, at Adv. Pro. No. 24-1550 (CMG); and

**WHEREAS**, GWU asserted certain defenses to the Lawsuit; and

**WHEREAS**, from and after that time, the Parties engaged in settlement discussions; and

**WHEREAS**, on December 5, 2024, the Lawsuit was dismissed without prejudice for reasons unrelated to the merits of the Litigation; and

**WHEREAS**, in lieu of reinstating the Lawsuit, the Parties reached a resolution as memorialized in the within Agreement, including payment by GWU to the Trustee in the amount of $15,000 ("**Settlement Amount**") and the exchange of mutual releases (the "**Settlement**"); and

**WHEREAS**, the Trustee believes that Settlement is in the best interest of the Debtor's estate, and its creditors; and

**WHEREAS**, upon execution of the Agreement, the Trustee will file a Notice of Settlement ("**Notice**") and Motion pursuant to Fed. R. Bankr. P. 9019 ("**Motion**") to obtain approval of this Agreement; and

**WHEREAS**, the effective date ("**Effective Date**") of this Settlement will be: (a) upon the (i) issuance of a Certification of No Objection to the Notice, and (ii) entry of an Order approving the Motion; and (b) receipt by the Trustee and clearance of the Settlement Amount (collectively, the "**Contingencies**"). If the Contingencies cannot be met, then the Parties reserve all claims, rights and remedies; and

**WHEREAS**, the Parties now seek to settle, compromise and resolve their disputes and other issues among them on the terms set forth herein;

**NOW THEREFORE**, in consideration of the foregoing recitals, and which are incorporated into and made an integral part of this Agreement, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

## AGREEMENT

1. <u>Recitals Incorporated.</u> The foregoing recital paragraphs are incorporated herein by reference and agreed to by the Parties as if fully set forth at length.

2. <u>Settlement Terms.</u> The Parties agree to settle any and all claims upon the Trustee's receipt of payment in the amount of **FIFTEEN THOUSAND DOLLARS AND 00/100 CENTS (US $15,000.00)** by check made payable to "Andrea Dobin, Chapter 7 Trustee," and mailed to c/o McManimon, Scotland & Baumann, LLC, 427 Riverview Plaza, Trenton, New Jersey 08611 within thirty (30) days of obtaining Bankruptcy Court approval.

3. <u>Release.</u> This Release is hereby entered into by and between the undersigned Parties in full and final satisfaction and discharge of any and all claims against the other.

Upon the Effective Date, GWU hereby withdraws, dismisses, releases, waives, and forever discharges with prejudice any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof, and any other claim or cause of action of any type

or nature, whether known or unknown, suspected or unsuspected, against the bankruptcy Estate, the Trustee, and her professionals.

Upon the satisfaction of the Contingencies, including payment of the Settlement Amount in full, the Trustee hereby withdraws, dismisses, releases, waives, and forever discharges with prejudice any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof, and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against GWU.

The undersigned parties hereby represent and warrant that, prior to signing this Mutual Release, they had a full opportunity to consider its terms and discuss them with counsel. The undersigned parties further represent and warrant that they fully understand the meaning and effect of this Mutual Release and have voluntarily executed it. Each of the Parties warrants that it is the sole and current owner of the claims released by this Agreement and that it is authorized to enter into this Agreement. Each individual signing this Agreement on behalf of any Party represents and warrants that he/she has full authority to do so. Each Party agrees to indemnify the other from any loss or expense (including, without limitation, attorneys' fees) that may be incurred as a result of any breach of this warranty.

4.  **No Admission of Liability.** The Parties understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission of guilt, wrongdoing, or noncompliance with federal, state or local law, statute, order or regulation, tortious act, breach of contract, or violation of common law, or any other wrongdoing whatsoever.

5.  **Entire Agreement.** This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

6.  **Execution of Agreement.** This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one Party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile and/or scanned signatures shall be deemed to have the full force and effect of ink signatures.

7.  **Drafting of Agreement.** This Agreement was drafted by all the Parties and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

8.  **Jurisdiction.** The Bankruptcy Court for the District of New Jersey will retain jurisdiction over the terms and conditions of this Agreement, and any and all disputes, claims or actions based upon this Agreement will be heard exclusively by the Bankruptcy Court in the District of New Jersey.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement, as of the date first above written.

THE GEORGE WASHINGTON UNIVERSITY

Dated: June 25, 2025

By: *[signature]*
Name: Charles K. Barber
Title: Vice President and General Counsel

**ANDREA DOBIN, not personally or individually but solely as Chapter 7 Trustee for National Preservation Services LLC, d/b/a National Field Network**

By: *[signature]*
ANDREA DOBIN, Chapter 7 Trustee

Dated: ~~June~~ , 2025
July 1, 2025