# EXHIBIT

# A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "**Agreement**") is entered into as of this 2nd day of July, 2025, by and between Andrea Dobin, Chapter 7 Trustee ("**Trustee**") for National Management & Preservation Services, LLC, d/b/a National Field Network, Chapter 7 debtor ("**Debtor**"), on the one hand, and Property Management Inc. ("**PMI**"), on the other hand. Where appropriate, the Trustee and PMI may be referred to herein as the "Parties." This Agreement is based on the following facts:

### RECITALS

**WHEREAS**, Shari Nott ("**Nott**") was the Debtor's Chief Executive officer; and

**WHEREAS**, during the course of Nott's employment, the Debtor advanced Nott monies for personal expenses, which were documented in the Debtor's books and records as accounts receivable due and owing from Nott to the Debtor and, as of the Petition Date (defined below), totaled $1,485,000 ("**Accounts Receivable**"). According to the Debtor's books and records, between January 1, 2016 through the Petition Date (defined below), there were other direct cash payments to Nott in excess of $1,400,000; and

**WHEREAS**, on April 6, 2018 (the "**Petition Date**"), an involuntary Chapter 7 petition was filed against the Debtor under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq*.) in the United States Bankruptcy Court for the District of New Jersey; and

**WHEREAS**, on April 23, 2018, the Debtor filed a Motion to convert the Chapter 7 case to Chapter 11, which was granted by Order entered April 25, 2018; and

**WHEREAS**, on or about July 20, 2018, a Creditors Committee ("**Committee**") was formed; and

**WHEREAS**, on January 28, 2019, the Office of the United States Trustee filed a Motion to convert the Chapter 11 case to Chapter 7, which was granted by Order entered April 2, 2019; and

**WHEREAS**, on April 3, 2019, Bunce D. Atkinson, Esq. ("**Original Trustee**") was appointed to serve as the Chapter 7 Trustee. On July 20, 2020, the Trustee was appointed as the successor Chapter 7 Trustee to the Original Trustee; and

**WHEREAS**, on December 30, 2020, the Trustee filed an Adversary Complaint against Nott and others, seeking to recover property of the Estate, for avoidance of fraudulent transfers and for related relief at Adv. Pro. No. 20-1648 (CMG) ("**Nott Adversary Proceeding**"); and

**WHEREAS**, after delays by Nott and lengthy negotiations, on July 12, 2023, Nott agreed to settle the Nott Adversary Proceeding by providing a Consent Judgment in the amount of

**WHEREAS**, upon execution of the Agreement, the Trustee will file a Notice of Settlement ("**Notice**") and Motion pursuant to Fed. R. Bankr. P. 9019 ("**Motion**") to obtain approval of this Agreement; and

**WHEREAS**, the effective date ("**Effective Date**") of this Settlement will be: (a) upon the (i) issuance of a Certification of No Objection to the Notice, and (ii) entry of an Order approving the Motion; and (b) receipt by the Trustee and clearance of the Settlement Amount (collectively, the "**Contingencies**"). If the Contingencies cannot be met, then the Parties reserve all claims, rights and remedies; and

**WHEREAS**, the Parties now seek to settle, compromise and resolve their disputes and other issues among them on the terms set forth herein;

**NOW THEREFORE**, in consideration of the foregoing recitals, and which are incorporated into and made an integral part of this Agreement, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

### AGREEMENT

1. <u>Recitals Incorporated.</u> The foregoing recital paragraphs are incorporated herein by reference and agreed to by the Parties as if fully set forth at length.

2. <u>Settlement Terms.</u> The Parties agree to settle their claims upon the Trustee's receipt of payment in the amount of **TWENTY THOUSAND DOLLARS AND 00/100 CENTS (US $20,000.00)** by check made payable to "Andrea Dobin, Chapter 7 Trustee," and mailed to c/o McManimon, Scotland & Baumann, LLC, 427 Riverview Plaza, Trenton, New Jersey 08611 within thirty (30) days of obtaining Bankruptcy Court approval.

3. <u>Release.</u> This Release is hereby entered into by and between the undersigned Parties in full and final satisfaction and discharge of any and all claims against the other.

Upon the Effective Date, PMI hereby withdraws, dismisses, releases, waives, and forever discharges with prejudice any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof, and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the bankruptcy Estate, the Trustee, and her professionals.

Upon the satisfaction of the Contingencies, including payment of the Settlement Amount in full, the Trustee hereby withdraws, dismisses, releases, waives, and forever discharges with prejudice any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof, and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against PMI.

The undersigned parties hereby represent and warrant that, prior to signing this Mutual Release, they had a full opportunity to consider its terms and discuss them with counsel. The undersigned parties further represent and warrant that they fully understand the meaning and effect of this Mutual Release and have voluntarily executed it. Each of the Parties warrants that

IN WITNESS WHEREOF, the Parties have executed this Agreement, as of the date first above written.

PROPERTY MANAGEMENT, INC.

Dated: July 2, 2025

By: _____
Name: Lon Searle
Title: Chief Financial Officer

**ANDREA DOBIN, not personally or individually but solely as Chapter 7 Trustee for National Preservation Services LLC, d/b/a National Field Network**

Dated: July 3, 2025

By: _____
ANDREA DOBIN, Chapter 7 Trustee